Affirmed and Opinion filed September 26, 2002









Affirmed and Opinion filed September 26, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00754-CR

____________

 

JERRY FALLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 208th District Court

Harris County, Texas

Trial
Court Cause No. 825,901

 



 

O
P I N I O N

A
jury convicted appellant, Jerry Fallin, of falsely
identifying himself as a peace officer.  See
Tex. Pen. Code Ann. '
37.12 (Vernon 1994).  In two points of
error, appellant asserts (1) the evidence at trial was legally insufficient to
support the jury=s verdict and (2) the trial court abused its discretion by
denying appellant=s motion for new trial. 
We affirm.

                              Factual and Procedural Background








Appellant set off the metal-detector alarm when he entered the
lobby of the Harris County Courthouse on June 9, 1999.  The security advisor, Terry Price, asked
appellant to empty his pockets and walk back through the metal detector.  Appellant triggered the alarm a second
time.  Price testified that when he used
a hand scanner to check for metal, appellant told him he was a constable and
asked why he had to Ago through this.@  Appellant handed Price
an identification card indicating appellant was a deputy constable, but Price
noticed the card had been altered.  Price
gave the card to his supervisor, Richard Matthias.

An
examination of appellant=s card revealed the word Areserve@ had been whited out just before the
word Adeputy.@  Matthias testified appellant explained to him
the card had been altered because appellant had recently been certified as a
regular deputy.  According to Matthias,
appellant said he had been instructed to use the altered card until he received
a new one.  At trial, however, appellant
admitted he was a reserve deputy at the time of this incident.

Appellant
was charged by indictment with the offense of impersonating a public
servant.  The jury found him guilty of
the lesser-included offense of false identification as a peace officer.  The trial court assessed punishment at six
months=
probation and a $500 fine.  This appeal
followed.

                                            Sufficiency of the Evidence

In
his second point of error, appellant claims the evidence is legally
insufficient to support his conviction for false identification as a peace
officer.  In evaluating the legal
sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (citing Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2788-89 (1979)).








Appellant
argues the evidence is legally insufficient because the State failed to prove
appellant possessed an identification card Abearing an insignia of a law enforcement agency@
as required by Texas Penal Code section 37.12.[1]  In construing a criminal statute, we seek to
effectuate the intent of the Legislature, focusing on the statute=s
literal text, and we attempt to discern the fair, objective meaning of that
text.  Boykin v. State, 818 S.W.2d
782, 785 (Tex. Crim. App. 1991).  We read the words and phrases in context
according to the rules of grammar and common usage.  Tex.
Gov=t Code Ann. ' 311.011 (Vernon 1998); Ex parte Kuester, 21 S.W.3d 264, 266 (Tex. Crim.
App. 2000).  Additionally, we attempt to
construe a statute according to its plain textual meaning without resort to extratextual sources. 
Kutzner v. State, 75 S.W.3d 427,
433 (Tex. Crim. App. 2002).  If a statute is ambiguous, however, we may
resort to extratextual sources, such as legislative
history, to construe the statute.  Id.








We
must first determine whether the phrase Abearing an insignia of a law enforcement agency@
modifies the entire list of items found in section 37.12(a)(1)CAcard, document, badge, insignia, shoulder emblem, or other item@Cor only Aother item,@ the words immediately preceding the phrase.  Urging the latter construction, the State
argues that if a person is charged with possessing a card, document, badge,
insignia, or shoulder emblem, the statute does not require that item to bear an
insignia of a law enforcement agency. 
Reading subsection (a)(1) in isolation, this appears to be a reasonable
construction.  However, subsection (a)(2)
refers to Athe person who . . . possesses the item bearing the insignia.@  Tex.
Pen. Code Ann. ' 37.12(a)(2) (emphasis added). 
Because an offense under section 37.12 requires a finding of conduct
satisfying both (a)(1) and (a)(2), we conclude the only reasonable construction
of the statute as a whole is that the item possessed, whether or not
specifically identified in subsection (a)(1), must bear an insignia of a law
enforcement agency.  See Thomas
v. State, 919 S.W.2d 427, 430 (Tex. Crim. App.
1996) (AWe
always strive to give words and phrases meaning within the context of the
larger provision.@).

We
next turn to the question of what is meant by Aan insignia of a law enforcement agency.@  The word Ainsignia@ is not defined in the Penal Code.  Appellant cites the American Heritage Dictionary=s
definition of Ainsignia@ as A[a] badge of office, rank, membership, or nationality; an
emblem.@  American
Heritage Dictionary 934 (3d ed. 1992). 
Apparently focusing on the word Aemblem,@ appellant urges us to give Ainsignia@ a narrow definition, limiting it to a seal or similar artistic
symbol.  Other dictionaries, however,
define Ainsignia@
more generally as Aa distinguishing mark of authority, office, or honor.@  Webster=s Third New International Dictionary 1169 (1993); see also 7 Oxford English Dictionary 1027 (2d ed. 1989) (defining Ainsignia@
as A[b]adges or distinguishing marks of office or honour@).  We find the phrase Aan
insignia of a law enforcement agency,@ as used in section 37.12, unambiguously refers to any
distinguishing mark that identifies the item as one originating from an
official law enforcement agency.








At
best, appellant=s contrary interpretation raises an ambiguity, which we may
resolve by resorting to the legislative history of section 37.12.  See Kutzner,
75 S.W.3d at 433.  The Legislature added
the phrase Abearing an insignia of a law enforcement agency@
to section 37.12 by amendment in 1987. 
Before this amendment, an offense under section 37.12 was limited to
individuals possessing a card or document identifying the person as a peace
officer, and the statute did not require the card or document to bear an
insignia of a law enforcement agency.[2]  When the Legislature amended section 37.12 by
listing additional items and adding the phrase Abearing an insignia of a law enforcement agency,@
it expressly intended to broaden, not limit, the statute=s
reach.[3]  The Legislature apparently believed a card or
document identifying a person as a peace officer already fell within the realm
of items bearing such an insignia.  Thus,
we conclude the Legislature intended to incorporate a broad definition for Ainsignia@
that would include any mark of authority on a card or document identifying it
as one originating from a law enforcement agency.

Here,
appellant admits the card in question is an official identification card issued
to him by the Harris County Constable=s Department.  In large
type across the top, the card bears the printed heading, AHarris
County Constable=s Dept.@  We conclude there is
legally sufficient evidence this card bears an insignia of a law enforcement
agency.








A
person commits an offense if he knowingly possesses such a card identifying him
as a peace officer and he knows he is not a commissioned peace officer.  See Tex.
Pen. Code Ann. ' 37.12.  Appellant=s
identification card was undeniably altered to identify him as a deputy
constable.  Appellant admitted that on
June 9, 1999, he was only a reserve deputy. 
He acknowledged knowingly possessing the altered card, although he
claims the card was in that condition when he received it.  However, section 37.12 only requires knowing
possession of the misidentifying card.  See
id.  After reviewing the evidence
in the light most favorable to the jury=s verdict, we conclude a rational trier
of fact could have found the essential elements of the offense of false
identification as a peace officer. 
Accordingly, we overrule appellant=s second point of error.

                                                   Motion for New Trial

In
his first point of error, appellant argues the trial court erred in denying his
motion for new trial.  We review a trial
court=s
denial of a motion for new trial by an abuse-of-discretion standard, and we
will not disturb the trial court=s ruling unless its decision was arbitrary or
unreasonable.  See Lewis v.
State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).  Appellant=s
sole ground for a new trial is the alleged insufficiency of the evidence.  Because we find the evidence was legally
sufficient to support appellant=s conviction, we also find the trial court did not abuse its
discretion in denying appellant=s motion for new trial. 
We overrule appellant=s first point of error.

The
trial court=s judgment is affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed
September 26, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Publish C Tex. R. App. P.
47.3(b).

 

 











[1]  The relevant
portion of section 37.12 states:

 

A person commits an offense if:

(1) the person makes, provides to another person, or
possesses a card, document, badge, insignia, shoulder emblem, or other item
bearing an insignia of a law enforcement agency that identifies a person as a
peace officer or a reserve law enforcement officer; and

(2) the person who makes, provides, or possesses the
item bearing the insignia knows that the person so identified by the item is
not commissioned as a peace officer or reserve law enforcement officer as
indicated on the item.

 

Tex. Pen. Code Ann. ' 37.12(a).





[2]  The original
version of section 37.12(a) stated:

 

A person commits an offense if:

(1) the person makes, provides to another person, or
possesses a card or document that identifies a person as a peace officer or a
reserve law enforcement officer; and

(2) the person who makes, provides, or possesses the
card or document knows that the person so identified by the card or document is
not certified or licensed by the Commission on Law Enforcement Officer
Standards and Education in the capacity of peace officer or reserve law
enforcement officer indicated on the card or document.

 

Act of May 26, 1983, 68th Leg., R.S., ch. 1075, 1983 Tex. Gen. Laws 5672 (amended 1987).





[3]  The bill
analysis accompanying the 1987 amendment states:

 

H.B. 592 broadens the current statutes
establishing the offense of making, providing or possessing a card or document
that misrepresents a person as a police officer.  This bill lists other official items, bearing
the insignia of a law enforcement agency, which, if used for misrepresentation,
creates an offense.

 

House Comm. on Public Safety, Bill Analysis,
Tex. H.B. 592, 70th Leg., R.S. (1987) (emphasis added).